1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:   (619) 232-4261
5  FACSIMILE:   (619) 232-4840

6  Attorneys for *Specially Appearing* Defendants HARRAH'S OPERATING COMPANY, INC.;
   HARRAH'S ENTERTAINMENT, INC.; HARRAH'S RINCON CASINO & RESORT;
7  HARRAH'S MARKETING SERVICES CORPORATION; and HARRAH'S LICENSE
   COMPANY, LLC
8

9                    UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11

12 | FLORENCE BEARDSLEE,              | CASE NO. 08 CV 0938 L JMA
13 |         Plaintiff,               | Judge:       Hon. M. James Lorenz
   |                                  | Mag. Judge:  Hon. Jan M. Adler
14 | vs.                              | Action Date: August 14, 2007
15 | HARRAH'S OPERATING COMPANY, INC.;| **REPLY BY *SPECIALLY APPEARING***
   | HARRAH'S ENTERTAINMENT, INC.;    | ***DEFENDANTS IN SUPPORT OF***
16 | HARRAH'S RINCON CASINO & RESORT; | ***MOTION TO DISMISS PURSUANT TO***
   | HARRAH'S MARKETING SERVICES      | ***F.R.CIV.P. RULE 12(b)(1), (2), (6), (7)***
17 | CORPORATION; HARRAH'S LICENSE    |
   | COMPANY, LLC and DOES 1 to 100,  | ACCOMPANYING DOCUMENT:
18 | inclusive,                       | SUPPLEMENTAL DECLARATION OF
   |                                  | RONALD R. GIUSSO
19 |         Defendants.              |
   |                                  | Date:      July 28, 2008
20 |                                  | Time:      10:30 a.m.
   |                                  | Courtroom: 14
21

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

---
4852-2276-1986.1                                    CASE NO. 08 CV 0938 L JMA

# I.

# INTRODUCTION

BEARDSLEE's opposition makes two essential points. First, she claims that she has "independent" causes of action against some unknown entity called "HARRAH'S." And, second, that "HARRAH'S" has "minimum contacts" with the State of California. BEARDSLEE is legally and factually wrong on both fronts.

No matter what spin BEARDSLEE puts on the causes of action that she has alleged, or potential future causes of action that have not yet been alleged, nothing changes the fact that she has failed in her burden to establish that this Court has subject matter jurisdiction over this action. The Casino, where she alleges that she was injured, is owned and operated by the Rincon San Luiseno Band of Mission Indians. BEARDSLEE has not, and cannot, name the Tribe as a party because of its sovereign immunity. All she can do is the same as any other aggrieved member of the public – follow the procedures set forth in the Tribal State Gaming Compact and file a claim under the Patron Tort Claims Ordinance, by which the Tribe has effected a limited waiver of its sovereign immunity. BEARDSLEE is well aware that she has this alternative forum available to her, but she has refused to file a claim under the Patron Tort Claims Ordinance for whatever reason. BEARDSLEE has filed no claim with the Tribe and, thus, has failed to exhaust her tribal remedies. The Tribe must be allowed to exercise its own jurisdiction over this matter. Moreover, because the Tribe is a necessary and indispensable party, BEARDSLEE's complaint must be dismissed.

BEARDSLEE pays short shrift to her burden to establish personal jurisdiction over the *Specially Appearing* Defendants. In what can only be described as analysis by Google, BEARDSLEE mis-states the law (*i.e.*, "minimum contacts") and offers only conclusions, and no competent evidence, about the *Specially Appearing* Defendants. Nothing in her Opposition satisfies her burden to show that this Court may exercise personal jurisdiction over the *Specially Appearing* Defendants. For all of these reasons, this action must be dismissed.

## II.

## BEARDSLEE HAS FAILED IN HER BURDEN TO ESTABLISH THAT THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION

BEARDSLEE's argument that she has "independent" causes of action is confused. There is no such thing as an "independent" cause of action, and BEARDSLEE offers no authority that there is. If what BEARDSLEE meant to say was that she has causes of action against *Specially Appearing* Defendants that survive, regardless of whether she has failed to exhaust her tribal remedies, regardless of whether she has failed to name an indispensable party, and regardless of whether she has failed to follow the procedures established by the Tribe's limited waiver of sovereign immunity, then she is legally wrong.

The essence of BEARDSLEE's argument, in this regard, is that she "was lulled into a false sense of security that her claim was appropriately submitted" at the time of the incident. (Oppo., p. 2:14-15.) She claims that, "in addition to her claim for personal injuries, [BEARDSLEE] has independent causes of action for fraud, misrepresentation, concealment and conspiracy as a result of the conduct of the HARRAH's personnel at the time of the incident." (*Id.* at 2:21-23.) It is entirely unclear what BEARDSLEE contends was misrepresented, who made the misrepresentation, how she was allegedly harmed, or any other fact or allegation related to BEARDSLEE's purported "independent" causes of action.

BEARDSLEE offers no other argument, fact, allegation or legal authority as to the effect of these purported "independent" causes of action. Moreover, BEARDSLEE has not sought leave to amend her complaint.[1]

---

[1] BEARDSLEE does submit an attorney-crafted declaration, which should be discounted, as BEARDSLEE was previously convicted of multiple felonies. Specifically, based upon a review of the Court docket in the case titled, *United States of America v. Florence Martha Beardslee*, Northern District of California Case No. 94-CR-00186-DLJ-1, BEARDSLEE was found guilty of conspiracy and arson, aiding and abetting, use of fire to commit a felony, and mail fraud in 1996. (Supp. Giusso Decl., ¶3.) Thus, BEARDSLEE's credibility in the "facts" she attests to in her declaration are highly suspect. (*See*, F.R.E. 609(a)(1).)

1	Regardless, it is BEARDSLEE who bears the burden of establishing subject matter
2	jurisdiction. (*Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Penteco Corp.*
3	*v. Union Gas Systems, Inc.*, 929 F.2d 1519 (10th Cir. 1991); *Stock West Inc. v. Confederated*
4	*Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).) Indian tribes remain a separate people with power
5	to regulate internal and social relations. Unless affirmatively limited by a specific treaty provision
6	or federal statute, **jurisdiction over civil matters presumptively lies with the Tribe**. (*Iowa*
7	*Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987).)

9	BEARDSLEE has completely ignored the black letter law that the Tribe must have the
10	opportunity to determine its own jurisdiction. (*National Farmers Union Ins. v. Crow Tribe of*
11	*Indians*, 471 U.S. 845, 856 (1985).) Where there is a question of jurisdiction, no court should
12	exercise jurisdiction until the parties have exhausted their tribal remedies. (*Kaul v.*
13	*Wahquahboshkuk*, 838 F. Supp. 515, 516 (D. Kan. 1993).) This rule -- known as the rule of
14	"tribal exhaustion" -- encourages tribal self-government by requiring that non-Indian litigants
15	pursue their claims before the tribe. (*Id.*)

17	BEARDSLEE alludes to a potential amended complaint based on such fanciful causes of
18	action like fraud, misrepresentation, concealment and conspiracy. Instead of just following the
19	proper protocol and procedure that every member of the public must follow, and which is made
20	available to any member of the public who inquires – namely, filing a claim pursuant to the Patron
21	Tort Claims Ordinance - BEARDSLEE believes she is entitled to some special treatment. Not
22	true.

24	Plaintiff claims injuries resulting from her consensual relationship with the Tribe related to
25	an occurrence at the Casino which is located on the Tribe's land and which is owned and operated
26	by the Tribe. (Kostrinsky Decl., ¶5.) The Tribe has adopted the Patron Tort Claims Ordinance,
27	which authorized a "limited waiver of its sovereign immunity to suit but only in the forum
28	identified in the ordinance." (Exh. 3.) BEARDSLEE has ignored the procedure established under

the Tribal-State Gaming Compact and the Patron Tort Claims Ordinance. She has filed no claim whatsoever with the Tribe. (Kostrinsky Decl., ¶6.) Because the Tribe has sovereign immunity and cannot be joined, this action must be dismissed and allowed to proceed, if BEARDSLEE elects, pursuant to the procedures in place under the Tribal-State Gaming Compact and the Patron Tort Claims Ordinance.

Moreover, the Tribe is clearly a necessary and indispensable party to this action. It is the Tribe that maintains ultimate authority over all operations and decisions concerning the business, maintenance, and management of the Casino and the entire reservation. (Kostrinsky Decl., ¶5.) BEARDSLEE has offered no competent evidence to dispute this fact. Indeed, Plaintiff's Complaint alleges obligations purportedly owed by the Tribe, for which the Tribe has defenses, and it is not *Specially Appearing* Defendants' obligation to defend those claims. *Specially Appearing* Defendants would be prejudiced significantly if forced to take a position potentially in conflict with that of the Tribe because the Tribe is not a party to this action and is unable to defend itself. This prejudice is sufficient to warrant dismissal of this action under 19(b). (*See, Lucero v. Lujan*, 788 F.Supp. 1180, 1183 (D.N.M. 1991), *aff'd*, 959 F.2d 245 (10th Cir. 1992).)

By utterly ignoring that this action must be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure because the Tribe, due to its sovereign immunity, cannot be joined to this action, BEARDSLEE concedes this point. (*See*, F.R.Civ.P. 19(b); *American Greyhound Racing v. Hull*, 305 F.3d 1015, 1022 (9th Cir. 2002), *citing, Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999).)[2] For all of these reasons, BEARDSLEE's failure to establish this Court's proper exercise of subject matter jurisdiction mandates dismissal of this action.

---

[2] BEARDSLEE's citation to the California Civil Code, section 1714, is misplaced. There is no authority before this Court to suggest that the California Civil Code has any force or effect at the casino located on the reservation of the Rincon Band of San Luiseno Mission Indians, a federally-recognized sovereign nation.

### III.

### BEARDSLEE HAS SUED THE WRONG PARTIES

There is no entity known as "HARRAH'S" named in this lawsuit, despite BEARDSLEE's repeated attempts to collectively mash all of the *Specially Appearing* Defendants together as "HARRAH'S." BEARDSLEE can refer to "Defendant HARRAH'S" as many times as she wants to, but there is no such party, and there is no such entity. In fact, none of the named *Specially Appearing* Defendants has any role in the operation or management of the Casino. (*See*, Kostrinsky Dec., ¶¶3, 4.) BEARDSLEE has offered no competent evidence to counter these undisputed facts, other than what is essentially the result of an internet search for the word "Harrah's." BEARDSLEE is required to do her own proper research prior to filing her complaint, not to just merely hope that discovery will lead to some facts or some corporate entity that she can latch onto. A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." (*Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1968 (2007).) In sum, a simple internet search for the word "HARRAH'S" does not satisfy BEARDSLEE'S pleading requirements, and does not create a duty on the part of any *Specially Appearing* Defendant.

### IV.

### BEARDSLEE FAILS IN HER BURDEN TO ESTABLISH THIS COURT'S EXERCISE OF GENERAL OR SPECIFIC PERSONAL JURISDICTION

The standard for a court to exercise personal jurisdiction is not as BEARDSLEE suggests, "minimum contacts." The law on personal jurisdiction is not novel. It is black letter. To re-cap: a Court may exercise general jurisdiction over a defendant who has substantial, continuous, and systematic contacts with the forum state. (*Helicoptores Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984).) Here, *Specially Appearing* Defendants utterly lack sufficient contacts with California to support this Court's assertion of general jurisdiction over them. BEARDSLEE concedes this point in her opposition by providing no law, no authority and no fact to counter it.

///

As to specific personal jurisdiction, in order for a forum to assert personal jurisdiction over an out-of-state defendant who has not consented to suit there, three requirements must be met:

1) the nonresident must engage in an act, consummate a transaction, or perform an act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws (also referred to as "purposeful availment");

2) the lawsuit must arise out of the nonresident's forum-related activities; and,

3) the exercise of jurisdiction must be fair and reasonable.

(*See, Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Helicoptores*, 466 U.S. at 414; *Doe v. American National Red Cross*, 112 F.3d 1048, 1051(9th Cir. 1997); *Core-Vent Corp. v. Nobel Industries, AB*, 11 F.3d 1482, 1485 (9th Cir. 1993); *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1247 (9th Cir. 1984).)

*Specially Appearing* Defendant Harrah's Operating Company, Inc. has submitted competent evidence that it does not have offices in California, does not own property in California, does not have employees in California, and does not conduct business in California. (Kostrinsky Decl., ¶3.) *Specially Appearing* Defendant Harrah's Marketing Services Corporation is also a foreign corporation, and BEARDSLEE can present no competent, admissible evidence to the contrary. (*See, id.*) *Specially Appearing* Defendant Harrah's Entertainment, Inc. is a Delaware corporation headquartered in Las Vegas, Nevada. It does not have offices in California; does not own property in California; does not have employees in California; and does not conduct business in California. *Specially Appearing* Defendant Harrah's License Company, LLC is a Nevada limited liability company and is not headquartered in California. It does not have offices in California; does not own property in California; does not have employees in California; and, does not conduct business in California. (*Id.*) And, *Specially Appearing* Defendant Harrah's Rincon Casino & Resort is not even a legal entity. (Kostrinsky Decl., ¶4.)

Where, as here, a defendant does not conduct business in the forum, and its employees do not engage in the acts alleged in the Complaint, whether in California or otherwise, a plaintiff's

1 | location in the forum cannot reasonably form the basis for personal jurisdiction over that
2 | defendant. (*Calder v. Jones*, 465 U.S. 783 (1984); *Helicoptores*, 466 U.S. at 46-417.)

4 | When jurisdiction is challenged by a non-resident defendant, the burden is on the plaintiff to demonstrate sufficient "minimum contacts" exist between the defendant and forum state to justify the imposition of jurisdiction. (*Sibley v. Superior Court*, 16 Cal.3d 442, 445 (1976).) Only where a plaintiff is able to meet this burden does the burden shift to the defendant to demonstrate that the exercise of jurisdiction would be unreasonable. (*Vons Companies, Inc.*, 14 Cal.4th at 449.)

11 | Here, BEARDSLEE has failed in her burden to establish this Court's exercise of personal jurisdiction over any of the *Specially Appearing* Defendants. A Google-search for the word "Harrah's" does not satisfy her burden. BEARDSLEE offers no competent evidence that any of the named *Specially Appearing* Defendants have any contact, much less sufficient minimum contacts, with California. Instead BEARDSLEE tries to blur the analysis by referring to all of the *Specially Appearing* Defendants collectively, and offering such unsubstantiated facts as the number of hotel rooms at the casino located on the Rincon reservation. (Oppo., p. 3:9.) What BEARDSLEE has not quite grasped yet, is that the Tribe has ultimate authority over all operations and decisions concerning the business, maintenance, and management of the Casino and the entire reservation. (Kostrinsky Decl., ¶5.)

22 | BEARDSLEE offers a remarkably conclusory argument that "the advertising, sales and marketing conduct of HARRAH'S satisfies the purposeful availment for personal jurisdiction in California since such conduct creates a substantial connection with the forum state." (Oppo., p.3:24-26.) Again, *Specially Appearing* Defendants do own or operate the casino where BEARDSLEE alleges she was injured. (Kostrinsky Decl., ¶¶3, 4.) It is axiomatic that to be liable for premises liability, one must own or control the premises. (*Brooks v. Eugene Burger Management Corporation*, 215 Cal.App.3d 1611, 1619 (1989) (owner of premises is under a duty

to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm).) The nature of BEARDSLEE's claims necessarily implicates liability only on the part of the entity which owned or controlled the Casino where BEARDSLEE claims she was injured. (*Harris v. Joffe*, 28 Cal.2d 418, 423 (1946) (property owner has a duty to use ordinary care to keep the portion of the premises for use in common in a safe condition).) As noted above, the Casino is located on the reservation of the Rincon San Luiseno Band of Mission Indians, which is a federally-recognized sovereign Indian tribe. (Kostrinsky Decl., ¶4.) Inasmuch as *Specially Appearing* Defendants do not own or exercise control over the casino premises, the lawsuit cannot conceivably arise out of any purported contacts *Specially Appearing* Defendants may have with the State of California. (*See, Keeton*, 465 U.S. at 774.)

As a result, any exercise of personal jurisdiction over these *Specially Appearing* Defendants would offend notions of fair play and substantial justice for several reasons. (*Burger King*, 471 U.S. at 477.) Personal jurisdiction must focus on a defendant's contacts with a given forum, not where a plaintiff alleges she was injured. (*Calder v. Jones*, 465 U.S. 783 (1984); *Helicoptores*, 466 U.S. at 46-417.) Where, as here, a defendant does not own, operate, or control a piece of property, a plaintiff's personal injury on that property cannot reasonably form the basis for personal jurisdiction over that defendant. (*See, id.*) Thus, BEARDSLEE's complaint must be dismissed for lack of personal jurisdiction. (F.R.Civ.P. Rule 12(b)(2); *Keeton*, 465 U.S. at 774; *Helicoptores*, 466 U.S. at 414.)

///
///
///
///
///
///
///
///

## V.

## CONCLUSION

For all of the above reasons, and for all of the reasons set forth in the moving papers, *Specially Appearing* Defendants HARRAH'S OPERATING COMPANY, INC.; HARRAH'S ENTERTAINMENT, INC.; HARRAH'S RINCON CASINO & RESORT; HARRAH'S MARKETING SERVICES CORPORATION; and HARRAH'S LICENSE COMPANY, LLC, request that this Court dismiss this action.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: July 21, 2008        By:   s/Ronald R. Giusso
                                   Maria C. Roberts
                                   Ronald R. Giusso
                                   Attorneys for *Specially Appearing* Defendants
                                   HARRAH'S OPERATING COMPANY, INC.;
                                   HARRAH'S ENTERTAINMENT, INC.;
                                   HARRAH'S RINCON CASINO & RESORT;
                                   HARRAH'S MARKETING SERVICES
                                   CORPORATION; and HARRAH'S LICENSE
                                   COMPANY, LLC

1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:   (619) 232-4261
5  FACSIMILE:   (619) 232-4840

6  Attorneys for *Specially Appearing* Defendants HARRAH'S OPERATING COMPANY, INC.;
   HARRAH'S ENTERTAINMENT, INC.; HARRAH'S RINCON CASINO & RESORT;
7  HARRAH'S MARKETING SERVICES CORPORATION; and HARRAH'S LICENSE
   COMPANY, LLC

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12 | FLORENCE BEARDSLEE,              | CASE NO. 08 CV 0938 L JMA
13 |         Plaintiff,                | Judge:       Hon. M. James Lorenz
   |                                   | Mag. Judge:  Hon. Jan M. Adler
14 | vs.                               | Action Date: August 14, 2007
15 | HARRAH'S OPERATING COMPANY, INC.; | **SUPPLEMENTAL DECLARATION OF
   | HARRAH'S ENTERTAINMENT, INC.;     | RONALD R. GIUSSO IN SUPPORT OF
16 | HARRAH'S RINCON CASINO & RESORT;  | REPLY BY *SPECIALLY APPEARING*
   | HARRAH'S MARKETING SERVICES       | DEFENDANTS IN SUPPORT OF
17 | CORPORATION; HARRAH'S LICENSE     | MOTION TO DISMISS PURSUANT TO
   | COMPANY, LLC and DOES 1 to 100,   | F.R.CIV.P. RULE 12(b)(1), (2), (6), (7)**
18 | inclusive,                        |
   |                                   | ACCOMPANYING DOCUMENT:
19 |         Defendants.               | REPLY
20 |                                   | Date:      July 28, 2008
   |                                   | Time:      10:30 a.m.
21 |                                   | Courtroom: 14

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4845-5842-3554.1                                    CASE NO. 08 CV 0938 L JMA

1  I, Ronald R. Giusso, declare as follows:

2

3  1.  I am an attorney at law licensed to practice before all courts of the State of California, and I am employed by the law firm of Shea Stokes Roberts & Wagner, ALC, counsel of record for *Specially Appearing* Defendants Harrah's Operating Company, Inc.; Harrah's Entertainment, Inc.; Harrah's Rincon Casino & Resort; Harrah's Marketing Services Corporation; and Harrah's License Company, LLC.

2.  I have personal knowledge of each of the facts set forth in this declaration and could and would competently testify thereto, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

3.  I have reviewed the Court docket in the case titled, *United States of America v. Florence Martha Beardslee*, Northern District of California Case No. 94-CR-00186-DLJ-1. Based upon my review of that docket, BEARDSLEE was found guilty of conspiracy and arson, aiding and abetting, use of fire to commit a felony, and mail fraud in 1996.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed by me on July 21, 2008 at San Diego, California.

s/Ronald R. Giusso
Ronald R. Giusso

1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:   (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for *Specially Appearing* Defendants HARRAH'S OPERATING COMPANY, INC.;
   HARRAH'S ENTERTAINMENT, INC.; HARRAH'S RINCON CASINO & RESORT;
7  HARRAH'S MARKETING SERVICES CORPORATION; and HARRAH'S LICENSE
   COMPANY, LLC
8

9                          UNITED STATES DISTRICT COURT

10                        SOUTHERN DISTRICT OF CALIFORNIA

11

| 12 | FLORENCE BEARDSLEE, | CASE NO. 08 CV 0938 L JMA |
|---|---|---|
| 13 | Plaintiff, | Judge:       Hon. M. James Lorenz |
| | | Mag. Judge:  Hon. Jan M. Adler |
| 14 | vs. | Action Date: August 14, 2007 |
| 15 | HARRAH'S OPERATING COMPANY, INC.; | **PROOF OF SERVICE** |
| | HARRAH'S ENTERTAINMENT, INC.; | |
| 16 | HARRAH'S RINCON CASINO & RESORT; | |
| | HARRAH'S MARKETING SERVICES | |
| 17 | CORPORATION; HARRAH'S LICENSE | |
| | COMPANY, LLC and DOES 1 to 100, | |
| 18 | inclusive, | |
| 19 | Defendants. | |

20
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

4840-0470-9890.1

PROOF OF SERVICE

1  *Beardslee v. Harrah's Operating Company, Inc., et al.*
   United States District Court, Southern District of California
2  Case Number 08 CV 0938 L JMA

3

4                           **PROOF OF SERVICE**

5     I, Ronald R. Giusso, caused the attorney(s) on the service list to be served via the Court's electronic filing system per local Rule 5.4.

6
     On July 21, 2008, I served the following document(s) described as:
7
   - **REPLY BY *SPECIALLY APPEARING* DEFENDANTS IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.CIV.P. RULE 12(b)(1), (6), (7); and**

   - **SUPPLEMENTAL DECLARATION OF RONALD R. GIUSSO IN SUPPORT OF REPLY BY *SPECIALLY APPEARING* DEFENDANTS IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.CIV.P. RULE 12(b)(1), (6), (7).**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

   Lawrence S. Eisenberg
   leisenberg@eisenberg-law.com

   Executed on July 21, 2008, at San Diego, California.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


                                              s/Ronald R. Giusso
                                              Ronald R. Giusso

4840-0470-9890.1
                                    -1-
                              PROOF OF SERVICE